IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.<br><br>      *Plaintiffs*,<br><br>  v.<br><br>TICKETMASTER ENTERTAINMENT, INC., and LIVE NATION ENTERTAINMENT, INC.,<br><br>      *Defendants*. | Case: 1:10-cv-00139<br>Assigned to: Collyer, Rosemary M.<br>Assign. Date: 1/25/2010<br>Description: Antitrust |

## UNOPPOSED MOTION TO REOPEN PROCEEDINGS

Plaintiff United States of America hereby moves the Court to reopen *United States, et al. v. Ticketmaster Entertainment, Inc., et al.*, Case No. 1:10-cv-00139-RMC for the purpose of considering a proposed settlement agreement between the United States and Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster Entertainment, Inc. ("Ticketmaster") (collectively, "Defendants"), including a proposed clarification, modification and extension of the Final Judgment in this matter. The motion to reopen is in the interest of judicial efficiency and the public interest in antitrust enforcement, and there is no prejudice to any party. Concurrent with the filing of this motion to reopen, the United States is also filing a Notice of Appearance for Meagan K. Bellshaw.

On July 30, 2010, this Court entered the Final Judgment and retained its jurisdiction over that Order. Dkt. No. 15 ("Final Judgment"). In relevant part, the Final Judgment prohibits

Defendants from taking certain actions to coerce venues, such as sports arenas or stadiums, into contracting with Defendant Ticketmaster. *Id.* §IX. The case file was closed on August 20, 2010.

Despite the prohibitions in the Final Judgment, Live Nation has repeatedly and over the course of several years engaged in conduct that violates Section IX of the Final Judgment. Specifically, the United States has identified numerous instances in which Defendant Live Nation, in the course of negotiating ticketing contracts with venue owners across the United States, has conditioned or threatened to condition the provision of live entertainment events on those venues contracting with Defendant Ticketmaster for ticketing services. The Division has also identified multiple instances in which Live Nation retaliated against venues by withholding live entertainment events because the venue chose not to contract with Ticketmaster. Defendants deny these allegations. To put a stop to this conduct and to remove any doubt about Defendants' obligations under the Final Judgment going forward, the United States and Live Nation propose to modify the Final Judgment to make clear that such conduct is prohibited. The parties have reached a settlement in principle, including proposed clarifications and modifications of the Final Judgment.

The United States requests that the Court reopen the docket for the Court to consider the parties' proposed settlement and modifications to the Final Judgment. Section XIV ("Retention of Jurisdiction") of the Final Judgment enables "any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions."

Reopening these proceedings serves both the public interest and judicial economy, and does not prejudice any party. First, the Court has previously determined that entry of the Final Judgment was in the public interest. Final Judgment, § XVI. Reopening the docket to clarify and modify the Final Judgment to ensure future compliance therefore also serves the public interest. Second, reopening these proceedings is the most efficient way for the United States to proceed in addressing the underlying allegations at issue in the case, rather than filing a separate action against Defendants. Third, there is no prejudice to any party. Defendants consented to the Court's retention of jurisdiction "to enforce compliance" with the Final Judgment and "to modify any of its provisions," Final Judgment § XIV, and have agreed to a settlement in principle with the United States.

As required by Local Rule 7(m), the United States has conferred with Defendants, who have represented to the United States that they do not oppose reopening the docket.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests the Court reopen the docket for these proceedings.

Dated: December 19, 2019

                    Respectfully submitted,

                    _____/s/ Meagan K. Bellshaw_____
                    Meagan K. Bellshaw* (CA Bar #257875)
                    Trial Attorney
                    U.S. Department of Justice
                    Antitrust Division
                    Media, Entertainment, and Professional Services Section
                    450 Fifth Street, N.W., Suite 4000
                    Washington, DC 20530
                    Phone: 202-598-2307
                    Facsimile: 202-514-7308
                    Email: Meagan.Bellshaw@usdoj.gov

                    *Attorney of Record [pending]